UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WEI JEN HUANG, MEE WAH CHAN,

        Plaintiffs,

  -against-

DEPARTMENT OF CITY PLANNING, Queens
Office; NEW YORK CITY, JOHN DOES 1-99;
TONY AVELLA; HOLLY CIVICS;
WALHEIM CIVICS,

        Defendants.

------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-3787 (CBA)

AMON, J.

     Plaintiffs, appearing *pro se*, filed the instant fee-paid complaint on August 10, 2005, concerning the proposed rezoning along Cherry Avenue, Queens, where plaintiffs own property. By order dated September 8, 2005, this Court directed plaintiff to amend their complaint within thirty (30) days in order to establish this Court's jurisdiction over their claims. Plaintiffs filed an amended complaint on November 3, 2005. The Court dismisses the amended complaint for the reasons set forth below.

## BACKGROUND

     As detailed in the Court's prior order, plaintiffs, members of the Cherry Robinson Union Home Owners Association, are opposed to the proposed downzoning of their street from an R7-1 zone. See Huang, et al. v. Dep't of City Planning, et al., No 05-CV-3787 (CBA), slip op. at 1-2 (E.D.N.Y. Sept. 8, 2005); Am. Compl. ¶ 7. According to plaintiffs, the proposed downzoning will halt the construction of affordable housing units on Cherry Avenue and thereby slow the influx of lower-income Asian immigrants into the community. Am. Compl. ¶¶ 8-9. Plaintiffs allege that defendants, with their plans

1

for downzoning, are "destroying" their "rights," "dignity," and "property value." Id. ¶ 17. Specifically, plaintiffs allege that the downzoning is discriminatory against Asians and violates 42 U.S.C. § 1982 and the Fair Housing Act, 42 U.S.C. §§ 3601, et seq. Am. Compl. ¶¶ 21-27.

## DISCUSSION

In reviewing plaintiffs' complaint, the Court is mindful that because plaintiffs are proceeding pro se their submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over this action. See, e.g., Rene v. Citibank, N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se plaintiff's complaint for lack of subject matter jurisdiction).

In its prior order, the Court noted that plaintiffs' complaint did not establish this Court's jurisdiction pursuant to 28 U.S.C. § 1331 or § 1332. Huang, slip op. at 3. Plaintiffs now invoke this Court's § 1331 jurisdiction pursuant to 42 U.S.C. § 1982 and the Fair Housing Act. Am. Compl. ¶¶ 22, 24. Section 1982 provides that all citizens shall "have the same right ... as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property." 42 U.S.C. § 1982. Essentially, the statute bars all racial discrimination in connection with the sale and rental of property. Jones v. Alfred Mayer Co., 392 U.S. 409, 413 (1968).

Under the Fair Housing Act, a claim is only ripe once a final decision has been made by the zoning board and the plaintiff has exhausted the local administrative zoning remedies. See Woodfield Equities, L.L.C. v. Inc. Vill. of Patchogue, 357 F. Supp. 2d 622, 631-632 (E.D.N.Y. 2005) (citing Oxford House-A v. City of University City, 87 F.3d 1022 (8th Cir. 1996); United States v. Village of Palatine, 37 F.3d 1230 (7th Cir. 1994). See also Tsombanidis v. City of W. Haven, 129 F. Supp. 2d 136, 160 (D. Conn. 2001) ("In our view, Congress also did not intend the federal courts to act as zoning

boards by deciding fact-intensive accommodation issues in the first instance.") (quoting Oxford House-C, 77 F.3d at 253).

Because plaintiffs allege that the downzoning of their street is still merely a proposal and they have in any event not exhausted their local zoning remedies, their causes of action are premature under both § 1982 and the Fair Housing Act. Am. Compl. ¶¶ 11-12. Defendants have yet to render any racially-motivated, adverse zoning decision which would violate plaintiffs' rights to their property pursuant to § 1982. Likewise, it cannot be said that defendants' actions are in violation of the Fair Housing Act, as no zoning change has yet been effected. As the Court held in its prior order:

> In New York City, rezoning decisions are subject to the Uniform Land Use Review Procedure [("ULURP")], N.Y. City Charter §§ 197-c, 197-d, with an extensive mechanism for public participation and involvement of Community Boards, the Borough President, the City Planning Commission, the City Council, and the Mayor. The traditional method of challenging a rezoning decision is through an Article 78 proceeding in state court. See Hampton Hill Villas Condo. Bd. of Managers v. Town of Amherst Zoning Bd. of Appeals, 13 A.D.3d 1079 (2004); Fleckenstein v. Town of Porter, 309 A.D.2d 1188 (2003); In the Matter of Gricel Neville v. Koch, 79 N.Y.2d 416 (1992).

Huang, slip op. at 4. In the event plaintiffs' property is rezoned, they may choose to pursue a § 1982 or Fair Housing Act claim, if appropriate. With regard to the Fair Housing Act, plaintiffs must establish that they have standing to sue and charge that the challenged actions were either (i) motivated by intentional discrimination or (ii) resulted in a discriminatory effect, even absent evidence of a discriminatory motive. See LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 425 (2d Cir. 1995). At this stage, plaintiffs are advised to refer to the provisions of ULURP with regard to any challenges to the proposed rezoning. Plaintiffs' amended complaint, therefore, is dismissed as their causes of action are premature.

**CONCLUSION**

For the foregoing reasons, the amended complaint is dismissed.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for `the purpose of any appeal.  <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                CAROL B. AMON
                                                United States District Judge

Dated: February 15, 2006
       Brooklyn, New York